United States District Court
Southern District of Texas

**ENTERED**

September 28, 2020

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 2:16-27(SSS)-1** |
| | § | |
| **JADA NICOLE GREGG-WARREN,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Jada Nicole Gregg-Warren's Motion for Reconsideration / Renewal of Movant's 3582 Motion for Compassionate Release. D.E. 257. For the reasons stated herein, Defendant's motion is **DENIED**.

**I. BACKGROUND**

In 2016, Defendant pled guilty to kidnapping in violation of 18 U.S.C. § 1201. She has served 57 months (47%) of her 120-month sentence and has a projected release date, after good time credit, of August 10, 2025. Defendant previously moved the Court to order her release to home confinement because her underlying medical conditions make her particularly vulnerable to severe illness or death should she contract COVID-19 while in prison. By written Memorandum Opinion & Order entered September 2, 2020, the Court denied relief. D.E. 255. Defendant now moves the Court to reconsider its decision and grant compassionate release.

**II. LEGAL STANDARD**

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under a limited number of circumstances:

**(c) Modification of an Imposed Term of Imprisonment.—**
The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

The applicable United States Sentencing Commission policy statement provides that extraordinary and compelling reasons for early release exist where:

**(A) Medical Condition of the Defendant.—**

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or

2

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B)  Age of the Defendant. –**

The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C)  Family Circumstances.  –**

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D)  Other Reasons.  –**

As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime

3

of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

Finally, the Court must consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:

> > A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

4

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

"In general, the defendant has the burden to show circumstances meeting the test

for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex.

Sept. 25, 2019).

## III. ANALYSIS

### A. COVID Concerns

In its September 2, 2020 Memorandum Opinion & Order denying Defendant's

prior motion for release to home confinement, the Court recognized that Defendant is at

an increased risk of severe illness should she contract COVID-19 due to her underlying

medical conditions of asthma and chronic obstructive pulmonary disease (COPD). D.E.

255, p. 7. The Court nonetheless found that any such risk is outweighed by the danger to

the safety of the community if Defendant is released, given her extensive criminal history

and numerous disciplinary infractions while incarcerated. *Id.* The Court further held that

releasing Defendant more than five years early, when she has served less than half of her

sentence, would not reflect the seriousness of the offense, promote respect for the law, or

provide just punishment for the offense, nor would it protect the minor children she had

kidnapped from future crimes. *Id.* at 7–8.

Defendant now states that she has had a "significant change in circumstances that

warrant . . . reconsideration." D.E. 257, p. 2. Specifically, Defendant claims that another

inmate housed at FMC Carswell has become reinfected with "2nd strain Y COVID" after

"being deemed recovered."  *Id.* at 3–4. In response to the Court's finding that she poses a

5

danger to the safety of the community, especially the children she kidnapped, Defendant

"will agree to stay away from the minor children." *Id.* at 9.

Having carefully considered the arguments contained in Defendant's motion to

reconsider, the Court is still of the opinion that any increased risk to Defendant's health

due to COVID-19 is outweighed by the danger she poses to the community and that her

early release would be inconsistent with the factors set forth in § 3553(a).

### B. Severity of Sentence

Defendant also argues that extraordinary and compelling reasons exist for her

release because she should have been charged with international parental kidnapping

under 18 U.S.C. § 1204, which carries a maximum sentence of 36 months, instead of

kidnapping under 18 U.S.C. § 1201.[1]

U.S.S.G. § 1B1.13 "'provides the exclusive list of extraordinary and compelling

reasons that may justify compassionate release.'" *United States v. Hudec*, No. CR 4:91-1-

1, 2020 WL 4925675, at *4 (S.D. Tex. Aug. 19, 2020) (quoting *United States v. Baye*, —

F. Supp. 3d —, 2020 WL 2857500, at *9 (D. Nev. June 2, 2020)). As set forth above,

those reasons include medical condition, age, family circumstances, and any other reason

"[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13(1)(A),

cmt. n.1. Neither the Sentencing Commission's policy statement nor the BOP's program

---

1. Defendant was convicted of kidnapping her biological children, T.R. and J.R. As this Court previously held, because Defendant's parental rights over T.R. and J.R. had been terminated, the "parent" exemption to 18 U.S.C. § 1201 does not apply. *United States v. Gregg-Warren*, 2019 WL 3431156, at *2 (S.D. Tex. July 30, 2019) ("Congress clarified the definition of 'parent' in the Violent Crime Control and Law Enforcement Act of 1994 by amending 18 U.S.C. § 1201 to provide that 'the term 'parent' *does not include a person whose parental rights . . . have been terminated* by a final court order. 18 U.S.C. § 1201(h).").

statement provides for compassionate release based on reexamination of the crime of conviction or the severity of a defendant's original sentence.

## IV. MOTION FOR BOND

Finally, Defendant moves the Court to release her on bond while her motion to reconsider granting compassionate release is pending. Because her motion to reconsider is denied, her request for bond is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration / Renewal of Movant's 3582 Motion for Compassionate Release (D.E. 257) is **DENIED**.

**SIGNED** on September 28, 2020.

_____

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE